**JENNER & BLOCK LLP**
Kate T. Spelman (SBN 269109)
KSpelman@jenner.com
Alice S. Kim (SBN 317479)
AKim@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:   +1 213 239 5100
Facsimile:   +1 213 239 5199

**JENNER & BLOCK LLP**
Peter J. Brennan (*pro hac vice* forthcoming)
PBrennan@jenner.com
353 North Clark Street
Chicago, IL  60654-3456
Telephone:   +1 312 222 9350
Facsimile:   +1 312 527 0484

Attorneys for Defendants Kia America, Inc.
and Hyundai Motor America

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE E. BAKER and STEPHEN L. DESJARDINS, individually and on behalf of all others similarly situated, | Case No. |
| | **NOTICE OF REMOVAL** |
| Plaintiffs, | |
| v. | |
| KIA AMERICA, INC., a California Corporation, and HYUNDAI MOTOR AMERICA, a California Corporation, | |
| Defendants. | |

Defendants Kia America, Inc. ("Kia") and Hyundai Motor America ("Hyundai") (together, "Defendants"), hereby provide notice of removal of a state court civil action titled *Baker, et al., v. Kia America, Inc., et al.*, No. 30-2022-01277337-CU-NP-CXC, from Orange County Superior Court, California (the "State Court Action"), to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.  Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the proposed class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million.  Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending."  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c) (providing that Orange County is part of the Central District of California).

## I.   STATE COURT ACTION

On August 25, 2022, Plaintiffs Monique E. Baker and Stephen L. Desjardins (together, "Plaintiffs"), who are both residents of Michigan, filed the State Court Action in the Superior Court of Orange, California.  An identical copy of the complaint was served with summons on Kia and Hyundai on September 7, 2022. Attached hereto as **Exhibit A** are copies of the complaint and summons.

No substantive matters have been addressed in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders that have been filed in the State Court Action are attached hereto as **Exhibit B**.

The complaint alleges that certain vehicles manufactured or sold by Defendants contained design defects, which criminals took advantage of in order to steal vehicles owned by Plaintiffs.  (*See* Ex. A, Compl. ¶¶ 33–86.)  Based on those allegations, Plaintiffs assert seven grounds for relief: (1) a violation of the Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200, *et seq*. (Count I, *id.* ¶¶ 43–52),

(2) a violation of the False Advertising Law, Cal. Bus & Prof. Code §§ 17500, *et seq.* (Count II, *id.* ¶¶ 53–58), (3) breach of express warranty (Count III, *id.* ¶¶ 59–64), (4) breach of implied warranty (Count IV, *id.* ¶¶ 65–71), (5) a violation of the Magnuson-Moss Warranty Act, 15. U.S.C. § 2301, *et. seq.* (Count V, *id.* ¶¶ 72–83), (6) a violation of the Michigan Consumer Protection Act, M.C.L. §§ 445.901, *et seq.* (Count VI, *id.* ¶¶ 84–92), and (7) a violation of the Oklahoma Consumer Protection Act, 15 OK. Stat. § 15-751 (Count VII, *id.* ¶¶ 93–101).

Plaintiffs seek to represent a class.  Plaintiffs' proposed class contains "all persons in the United States who purchased or leased any of the Defective Vehicles for personal use," as well as two sub-classes: (1) "all persons who purchased or leased any of the Products for personal use within the State of Michigan," and (2) "all persons who purchased or leased any of the Products for personal use within the State of Oklahoma."  (*Id.* ¶ 32.)  The proposed class definition does not include any temporal limitation.  *See id.*

In their prayer for relief, Plaintiffs seek a judgment against Defendants for "compensatory, statutory, and punitive damages," prejudgment interest, and attorney's fees.  (*Id.* at 18.)

## II.   GROUNDS FOR REMOVAL

### A.   This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.

Section 1441(a) of the United States Code provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).  This action is removable under Section 1441 because the district courts of the United States have original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

Pursuant to Section 1332(d), removal of this action is proper because the district courts of the United States have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant ("minimal diversity"); and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs.   28 U.S.C. § 1332(d)(2) and (5); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 547, 89 (2014) (noting that CAFA's "provisions should be read broadly").[1]

As demonstrated below, all three conditions are met in this action, and therefore the action is removable under 28 U.S.C. § 1332(d).

### 1.     Plaintiff has alleged that the putative class is sufficiently numerous.

Plaintiffs purport to bring this action on behalf of "[a]ll persons in the United States who purchased or leased any of the Defective Vehicles for personal use." (Ex. A, Compl. ¶ 32.)  Plaintiffs allege that this proposed class includes "hundreds of thousands" of class members (*id.* ¶ 35), and those allegations establish that the proposed class satisfies CAFA's numerosity requirement.   *See* 28 U.S.C. § 1332(d)(5)(B).

### 2.     There is at least $5,000,000 in controversy.

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  The court must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

---

[1] By demonstrating that this matter is removable under 28 U.S.C. § 1332(d), Defendants do not waive, and expressly reserve, their arguments that there is no basis to certify a class in this matter.

To satisfy the amount-in-controversy requirement, a defendant must establish only that "the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc*., 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 397 (9th Cir. 2010)) (emphasis added). In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205; *see also, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("[T]he amount in controversy is the 'amount at stake in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability.").

The amount placed in controversy by Plaintiffs' complaint satisfies CAFA's jurisdictional threshold. Although Plaintiffs' complaint does not specify a precise amount of damages, it alleges that the vehicles in the putative class have caused potentially "hundreds of thousands" (*id.* ¶ 35) of potential class members various damages, including "costs associated with theft" and "diminished value" of the vehicles plus alleged "increased cost of maintaining the Defective Vehicles, including higher insurance costs." (*Id.* ¶ 24.) For example, Plaintiff DesJardins alleges that he had to pay a "$1,000.00 insurance deductible and other costs" to repair his stolen vehicle. (*Id.* ¶ 6.)

Hundreds of thousands of class members multiplied by Plaintiffs' allegations show that it is more than "reasonably possible" that there is at least $5 million in controversy. *See Greene*, 965 F.3d at 772. As such, the district courts of the United States have jurisdiction over this matter. *See* 28 U.S.C. § 1332(d)(2).

### 3.   The parties are minimally diverse.

The parties in this action are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiffs alleges that they are citizens of Michigan, and the class

is composed of a national class of residents across the United States.  (Ex. A, Compl. ¶¶ 5, 6, 32.)  Kia is a "California corporation that maintains its principal place of business at 111 Peters Canyon Road, Irvine, California 92606."  (*Id.* ¶ 8.)  Hyundai is a "California corporation that maintains its principal place of business at 10550 Talbert Avenue, Fountain Valley, California 92708."  (*Id.* ¶ 9.)  Therefore, as pled by Plaintiffs, the parties are minimally diverse under CAFA.

**B.     Venue is proper.**

The Central District of California is the proper venue for this action upon removal because this "district and division embrac[e]" Orange County Superior Court.  28 U.S.C. § 1441(a).

**C.     Defendants have satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed.  Defendants were all served with a copy of the complaint and summons on September 7, 2022, and Defendants filed and served this Notice of Removal within 30 days of service of the complaint, in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").  No attorneys for Defendants have entered an appearance or filed any pleadings or other papers responding to the complaint.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants are being filed herewith as Exhibits A and B.  Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of the filing of this Notice of Removal to all parties and will promptly file a written notice, along with a copy

of this Notice of Removal, with the Clerk of the Orange County Superior Court and serve it on all parties.

## III.    RESERVATION OF RIGHTS AND DEFENSES

Defendants hereby reserve all of their defenses and rights, and nothing in this petition of removal should be construed as in any way conceding the truth of any of Plaintiffs' allegations or waiving any of Defendants' defenses.

WHEREFORE, Defendants hereby remove this action to this Court on the basis of the Court's original jurisdiction over the action under CAFA.

Dated:  September 16, 2022                JENNER & BLOCK LLP


By:  */s/ Kate T. Spelman*
Kate T. Spelman
Alice S. Kim
Peter J. Brennan

Attorneys for Defendants Kia America, Inc. and Hyundai Motor America

# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 25515417**
**Date Processed: 09/07/2022**

| | |
|---|---|
| **Primary Contact:** | Linda Eastman<br>Hyundai Motor America<br>10550 Talbert Ave<br>Fountain Valley, CA 92708-6031 |

| | |
|---|---|
| **Electronic copy provided to:** | Tyler Kemp |

| | |
|---|---|
| **Entity:** | Hyundai Motor America<br>Entity ID Number  0232840 |
| **Entity Served:** | Hyundai Motor America |
| **Title of Action:** | Monique E. Baker vs. Kia America, Inc. |
| **Matter Name/ID:** | Monique E. Baker vs. Kia America, Inc. (12906202) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Orange County Superior Court, CA |
| **Case/Reference No:** | 30-2022-01277337-CU-NP-CXC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 09/07/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Milberg Coleman Bryson Phillips Grossman, PLLC<br>714-651-8845 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically Filed by Superior Court of California, County of Orange, 09/01/2022 02:41:00 PM.
30-2022-01277337-CU-NP-CXC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By O. Lopez, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KIA AMERICA, INC., a California Corporation, and HYUNDAI MOTOR AMERICA, a California Corporation,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MONIQUE E. BAKER and STEPHEN L. DESJARDINS, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civil Complex Center

751 W. Santa Ana Blvd., Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso)* 30-2022-01277337-CU-NP-CXC

Judge Glenda Sanders

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Phillips Grossman, PLLC
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Trenton Kashima (SBN 291405), 401 West C St., St. 1760, San Diego, CA 92101; tele (212) 946-9389

DATE: 09/01/2022     DAVID H. YAMASAKI, Clerk of the Court     Clerk, by     O. Lopez     , Deputy
*(Fecha)*     *(Secretario)*     O. Lopez     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Hyundai Motor America, a California Corporation
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Case 8:22-cv-01712-JVS-KES   Document 1   Filed 09/16/22   Page 11 of 65   Page ID #:11
Electronically Filed by Superior Court of California, County of Orange, 08/25/2022 02:53:52 PM.
30-2022-01277337-CU-NP-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

1  Trenton R. Kashima (SBN 291405)
2  **MILBERG COLEMAN BRYSON**
   **PHILLIPS GROSSMAN PLLC**
3  401 West C St., Suite 1760
   San Diego, CA 92101
   Tel: (212) 946-9389
4  tkashima@milberg.com

5  John J. Nelson (SBN 317598)
6  **MILBERG COLEMAN BRYSON**
   **PHILLIPS GROSSMAN, PLLC**
7  280 South Beverly Drive
   Beverly Hills, California 90212
   Tel: (858) 209-6941
8  jnelson@milberg.com

9  *Attorneys for Plaintiffs and the Class*

10 [Additional counsel listed on signature page]

Assigned for All Purposes

Judge Glenda Sanders

CX-101

11

12                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                          **COUNTY OF ORANGE**

14 **MONIQUE E. BAKER** and **STEPHEN L.**      Case No.:   30-2022-01277337-CU-NP-CXC
   **DESJARDINS**, *individually and on behalf*
15 *of all others similarly situated,*          **CLASS ACTION COMPLAINT FOR:**

16                          Plaintiffs,          1. Violation of the Unfair Competition
   v.                                               Law, Cal. Bus. & Prof. Code §§17200,
17                                                   *et seq.*
   **KIA AMERICA, INC.**, a California          2. Violation of the False Advertising Law,
18 Corporation, and **HYUNDAI MOTOR**              Cal. Bus. & Prof. Code §§17500, *et*
   **AMERICA,** a California Corporation,           *seq.*
19                                               3. Breach of Expressed Warranty;
                            Defendants.          4. Breach of Implied Warranty;
20                                               5. Violation of Magnuson-Moss Warranty
                                                    Act , 15 U.S.C. § 2301, *et seq.*
21                                               6. Violation of the Michigan Consumer
                                                    Protection Act, M.C.L. §§ 445.901, *et*
22                                                   *seq.*
                                                 7. Violation of the Oklahoma Consumer
23                                                  Protection Act, 15 OK. Stat. § 15-751

24                                               **JURY TRIAL DEMANDED**

25

26

27

28

                                        1

Plaintiffs Monique E. Baker and Stephen L. DesJardins ("Plaintiffs") brings this Class Action Complaint against Defendants Kia America, Inc. and Hyundai Motor America, (collectively "Defendants"), individually and on behalf of all others similarly situated, and alleges upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief:

## **INTRODUCTION**

1.      This class action lawsuit is brought by Plaintiffs on behalf of all consumers who purchased or leased Defendants' Kia branded vehicles, model years 2011-2021, and Hyundai branded vehicles, model years 2011-2021 (the "Defective Vehicles"). Each of these Defective Vehicles suffer from a defect which makes them easy to operate without the corresponding key or key fob (a small electronic device used typically in place of a key to unlock a door or start a vehicle). Because of this, the Defective Vehicles are easily stolen, and have been stolen at an alarming rate.

2.      The defect arises from Defendants' use of a USB interface within the vehicle ignition (the area where a key is normally inserted to start the vehicle): once a portion of the steering column is stripped away, a potential thieve needs only to insert any USB cable into the now exposed USB interface in the Defective Vehicles' ignition (the "Defect"). The USB cable does not have to be connected to any device, other than the vehicle. This process only takes a few seconds and requires no specialized tools.

3.      Defendants did not disclose this Defect, even though Defendants were aware of the existence of the Defect. Plaintiff and the Class would not have purchased or leased the Defective Vehicles or, alternatively, would have paid less, if the Defect had been disclosed.

4.      Plaintiffs and members of the Class were injured by Defendants' false, fraudulent, unfair, deceptive, and misleading practices. Plaintiffs seeks compensatory damages and equitable remedies for himself and members of the Proposed Class. Accordingly, Plaintiffs allege violations of the California False Advertising Law, the California Unfair Competition Law, the Michigan Consumer Protection Act, Oklahoma Consumer Protection Act, and the Magnuson-Moss Warranty Act ("MMWA"), as well as breaches of express and implied warranty.

1

## THE PARTIES

5.      Plaintiff Monique E. Baker is a resident and citizen of Michigan.   Plaintiff Baker owes a 2020 Kia Rio, which she purchased from an authorized Kia dealer in Oklahoma City, Oklahoma in 2020.   Plaintiff Baker's Kia Rio was broken into while parked in her driveway. The car had damages resulting from the brake-in.   Plaintiff Baker reviewed information from Defendants' websites and at the dealer before purchasing her Kia Rio.   Plaintiff Baker was not aware of the Defect at the time of purchase.

6.      Plaintiff Stephen DesJardins is a resident and citizen of Michigan.   Plaintiff DesJardins owns a 2016 Kia Optima, which he purchased from an authorized Kia dealer in Dearborn, Michigan in 2017.   Plaintiff DesJardins's Kia Optima was stolen out of his son's driveway in Detroit, Michigan while he was visiting.   The car was later recovered with damage to the front and rear, a hole in the oil pan, and damage to the inside of the car.   Plaintiff DesJardins had to pay a $1,000.00 insurance deductible and other costs to get the car back and repaired. Because this was Plaintiff DesJardins's only car, its temporary loss was difficult, and forced Plaintiff to incur additional transportation costs.   Plaintiff DesJardins reviewed information from Defendants' websites and at the dealership before purchasing his Kia Optima.   Plaintiff DesJardins was not aware of the Defect at the time of purchase.

7.      Plaintiffs would not have purchased the car at issue had he known about the Defect.   Plaintiffs were injured by Defendants' fraudulent and deceptive practices.   Plaintiffs, and other consumers, paid a premium price for their vehicles due to the misrepresentations and omissions regarding the Defect.   Had Defendants been truthful regarding the Defect, Plaintiffs and other consumers would not have purchased the Products, or would have paid less for them.

8.      Defendant Kia America, Inc., is a California corporation that maintains its principal place of business at 111 Peters Canyon Road, Irvine, California, 92606.   Defendant Kia America, Inc. is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

9.      Defendant Hyundai Motor America, is a California corporation that maintains its

2

1   principal place of business at 10550 Talbert Avenue, Fountain Valley, California 92708.

2   Defendant Hyundai Motor America is engaged in the business of testing, developing,

3   manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either

4   directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

5           10.    Based on information and belief, Defendants designed and engineered the

6   Defective Vehicles at their Hyundai Kia Motors Design and Technical Center based in Irvine,

7   California. Additionally, all marketing originated from Defendant's headquarters within Orange

8   County, California.  Accordingly, Plaintiffs alleged that the Defect and all marketing related

9   thereto, emanated from Orange County, California.

## JURISDICTION AND VENUE

11           11.    Constitution, California Business and Professions Code § 17203, Code of Civil

12   Procedure §§ 382 and 410.10, and 15 U.S.C. § 2310(d)(1)(A).

13           12.    This Court has jurisdiction over Defendants because they are headquartered in the

14   State of California, regularly conducts business in this County and has extensive contacts with this

15   forum.  Defendants purposefully availed themselves to California's jurisdiction and designed,

16   marketed, and distributed the Defective Vehicles from this County.

17           13.    Venue is proper in this Court pursuant to Code of Civil Procedure § 395 because

18   Defendants are headquartered in this County and transacts substantial business here.

## FACTUAL ALLEGATIONS

20           14.    Defendants both are collectively engaged in the business of testing, developing,

21   manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either

22   directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

23   Indeed, both Kia and Hyundai are significant shareholders in each other's companies and

24   subsidiaries.  Accordingly, Kia and Hyundai often utilize each other's technology and

25   engineering in their vehicles, including the Defective Vehicles.

26           15.    As noted above, the Defective Vehicles are able to be started without the key or

27   key fob, which generally restricts access to the vehicle to only the owner.  Instead, the Defective

28   Vehicles can be started with any USB cable, inserted into a USB interface contained within the

3

1    vehicle ignition.  This USB interface can be accessed with a trivial amount of time and effort.

2    This Defect is only in vehicles with a traditional physical key ignition.

3        16.    Additionally, the Defective Vehicles are also targeted because they do not have

4    safety features that would normally prevent these types of thefts.  The Defective Vehicles are

5    not equipped with a factory-installed anti-theft device called an immobilizer. These immobilizers

6    use a chip (called a transponder) to authenticate a key against a vehicle's Electronic Control Unit

7    ("ECU").  The ECU is a computer that controls the vehicle, including the vehicle's powertrain.

8    If the ECU does not detect the key, the vehicle will not start.

9        17.    Federal Motor Vehicle Safety Standard ("FMVSS") 114. FMVSS 114, S.5.1.1

10   requires that vehicles have a starting system that can only be activated with the key and prevents

11   the normal activation of the vehicle's engine or motor and either steering, or forward self-

12   mobility, of the vehicle, or both, when the key is removed.  This regulation was specifically

13   enacted "to decrease the likelihood that a vehicle is stolen, or accidentally set in motion."  Yet,

14   the Defective Vehicles can be started without a key.  This is a serious safety concern.

15       18.    Furthermore, it is reported that some of the windows are not connected to the

16   security system which thus allows a thief to break the window without the alarm being triggered.

17   All of these factors render the Defective Vehicles unsafe and unsuitable for their intended

18   purpose.

19       19.    Indeed, thieves across the United States are eyeing the Defective Vehicles as easy

20   targets, thanks in part to viral social media posts.  YouTube videos and other social media posts

21   show a step-by-step guide on how to start the Defective Vehicles with a USB cable.  Indeed, in

22   most of these tutorials, potential thieves can fire up the vehicle and drive away in less than a

23   minute.  In turn, this allows the Defective Vehicles to be started again at any time using the same

24   cable.

25       20.    The Defect has caused so many thefts that police in Milwaukee have begun to

26   hand out free steering wheel locks to owner of the Defective Vehicles.[1]  In Milwaukee alone, the

27

28       [1] https://www.jsonline.com/story/news/crime/2021/05/07/milwaukee-police-giving-away-
steering-wheel-locks-kia-hyundai-owners/4987762001/.

4

1    Defective Vehicles represent up to two-thirds of all vehicle thefts in the city, and have increased

2    up to 2,500 percent year over year.[2]

3         21.    Defendants knew about the Defect, based on the fact that they engineered the

4    Defective Vehicles in question, and were provided reports by consumers and law enforcement

5    regarding the thefts of the Defective Vehicles due to the Defect, and also based on information

6    provided by authorized repair centers regarding the Defect. Indeed, in the late 2000's, Defendants

7    added immobilizers and other safety equipment to some of their vehicles and noticed a sharp

8    decline in the thefts of these vehicles.    Nevertheless, Defendants continued to market the

9    Defective Vehicles, with the Defect alleged herein.

10        22.    For example, beginning in 2009, Kia sought to add an immobilizer to its Amanti

11   line. Kia told the federal government that this device was similar to other devices which reduce

12   theft by 58 to 80 percent. *See*, Federal Register, Vol. 75, No. 6, page 1448, January 11, 2010.

13   Similarly, beginning in 2007, Hyundai sought to add an immobilizer to its Azera line. It told the

14   federal government that this device was similar to other devices which reduce theft by 58 to 80

15   percent. *See*, Federal Register, Vol. 72, No. 138, page 39662, July 19, 2007.    Additionally,

16   Defendants knew that the Defective Vehicles could be started with a USB cable, because they

17   were specifically engineered with this common USB interface in the ignition.  Thus, Defendants

18   had exclusive knowledge of the Defect.

19        23.    Defendants concealed or otherwise failed to disclose, reveal, or provide notice to

20   consumers, including Plaintiffs, in Defendants' advertising, or otherwise, that the Defective

21   Vehicles are defective and are not fit for the ordinary purposes for which the Defective Vehicles

22   are to be used.  This marketing emanated from Defendants' California based headquarters.

23        24.    Defendants refuse to fix the Defective Vehicles, compensate consumers, or

24   otherwise take measures to solve the problems with their Defective Vehicles.  This Defect causes

25   Plaintiffs and the Class damages, including costs associated with theft of the Defective Vehicles,

26   the diminished value of the Defective Vehicles due to the Defect, and the increased cost of

27   _____

28      [2] https://www.thedrive.com/news/how-thieves-are-stealing-hyundais-and-kias-with-just-a-usb-cable.

CLASS ACTION COMPLAINT

1  maintaining the Defective Vehicles, including higher insurance costs. Indeed, the Defective
2  Vehicles are now known to be easy to steal and unsafe, making them worth less than they would
3  be if they did not have the Defect.

4      25.    Defendants' 2022 model vehicles do not have the Defect.

5      26.    Plaintiffs and Class Members would not have purchased or leased the Defective
6  Vehicles or would have paid less for the Defective Vehicles if they were aware of the Defect.
7  Accordingly, Plaintiffs and Class Members paid more than they would have otherwise paid had
8  the Defect been disclosed. Defendants intended for Plaintiffs and the Class Members to be
9  deceived or misled. Defendants' deceptive and misleading practices proximately caused harm to
10  Plaintiffs and the Class.

11  **TOLLING ALLEGATIONS**

12      27.    Plaintiffs and Class Members had no way of knowing about the Defect in the
13  Defective Vehicles and Defendants systematically misled Plaintiffs and Class Members
14  concerning the Defective Vehicles. To this day, Defendants claim there is no defect in the
15  Defective Vehicles.

16      28.    Defendants have repeatedly and consistently misled Plaintiffs and the Class by
17  engaging in extensive misdirection towards the Plaintiffs and the Class. Defendants knew about
18  the Defect, as early as when the car was designed, but did nothing to disclose the Defect.

19      29.    Additionally, the Defect is not readily apparent to the consumer. Plaintiffs and
20  the Class would only know about the Defect if they dismantled their vehicles' steering columns
21  and inserted USB cables into the exposed USB interfaces, or if their cars were stolen. Even then,
22  they may not understand the nature of the Defect. Accordingly, the Defect may not be discovered
23  until several years after the vehicle was purchased or leased.

24      30.    Within the period of any applicable statutes of limitation, Plaintiffs and the other
25  Class Members could not have discovered through the exercise of reasonable diligence that
26  Defendants were concealing the Defect in the Defective Vehicles. It was only in 2022, when the
27  Defect was subject to media attention, that consumers became aware of the Defect. But, by this
28  point, Defendants had already removed the Defect from its vehicle lines.

6

31.     All applicable statutes of limitation have been tolled by operation of the discovery rule and due to Defendants' knowing and active fraudulent concealment.    Additionally, Defendants should be estopped from relying on any statutes of limitations in defense of this action.

## CLASS ACTION ALLEGATIONS

32.     Plaintiffs brings this action pursuant to Code of Civil Procedure, section 382, individually and on behalf of the following Class:

### The National Class

During the fullest period allowed by law, all persons in the United States who purchased or leased any of the Defective Vehicles for personal use.

### The Michigan Subclass

During the fullest period allowed by law, all persons who purchased or leased any of the Products for personal use within the State of Michigan.

### The Oklahoma Subclass

During the fullest period allowed by law, all persons who purchased or leased any of the Products for personal use within the State of Oklahoma.

Specifically excluded from the Class are Defendants, their officers, directors, agents, trustees, representatives, employees, principals, servants, partners, joint venturers or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or its officers and/or directors, the judge assigned to this action and any member of the judge's immediate family.

33.     Plaintiffs reserve the right to amend the Class definitions above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses or otherwise modified in any way.

34.     Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

35.     The members of the Class are so numerous that individual joinder of all Class

7

1    Members is impracticable. On information and belief, Class Members number in the hundreds of

2    thousands. The precise number or identification of members of the Class are presently unknown

3    to Plaintiffs, but may be ascertained from Defendants' books and records. Class Members may

4    be notified of the pendency of this action by recognized, Court-approved notice dissemination

5    methods, which may include U.S. mail, electronic mail, Internet postings, and/or published

6    notice.

7        36.    Common questions of law and fact exist as to all members of the Class, which

8    predominate over any questions affecting individual members of the Class. These common

9    questions of law or fact include, but are not limited to, the following:

10           •    Whether Defendants manufactured the Defective Vehicles with the Defect;

11           •    Whether the Defect makes the Defective Vehicles easy to steal, unsafe, and

12    worth less than they would be if they had not been Defective;

13           •    Whether Defendants knowingly made misleading statements or omitted

14    material information in connection with consumer transactions that reasonable consumers

15    were likely to rely upon to their detriment;

16           •    Whether the Defective Vehicles are subject to a written warranty;

17           •    Whether the Defect is a breach of a written warranty;

18           •    Whether the Defective Vehicles are fit for their intended use and are of

19    merchantable quality;

20           •    Whether Defendant's representations and omissions regarding the

21    Defective Vehicles were false and misleading;

22           •    Whether Defendants' acts and omissions violate California and/or Michigan

23    law;

24           •    Whether Defendants' acts and omissions violate federal law;

25           •    Whether Plaintiffs and the Class Members suffered monetary damages, and,

26    if so, what the measure of those damages is;

27           •    Whether Plaintiffs and the Class Members are entitled to an injunction,

28    damages, restitution, equitable relief, and other relief deemed appropriate, and, if so, the

8

amount and nature of such relief.

37.     Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiffs, on behalf of themselves and the other Class Members.  Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action.

38.     Plaintiffs' claims are typical of the claims of the other Class Members, as each Class Member was subject to the same omission of material fact and misrepresentations regarding the Defect in the Defective Vehicles.   Plaintiffs share the aforementioned facts and legal claims or questions with Class Members, and Plaintiffs and all Class Members have been similarly affected by Defendants' common course of conduct alleged herein.   Plaintiffs and all Class Members sustained monetary and economic injuries.

39.     Plaintiffs are adequate representatives of the Class because they are a member of the Class and their interests do not conflict with the interests of the Class Members they seeks to represent. Plaintiffs have also retained counsel competent and experienced in complex commercial and class action litigation. Plaintiffs and their counsel intend to prosecute this action vigorously for the benefit of all Class Members.  Accordingly, the interests of the Class Members will be fairly and adequately protected by Plaintiff and their counsel.

40.     Absent a class action, Class Members will continue to suffer the harm described herein, for which they would have no remedy.   Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated consumers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendants.

41.     Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and all Class Members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

9

1   42.   A class action is superior to any other available means for the fair and efficient

2   adjudication of this controversy, and no unusual difficulties are likely to be encountered in the

3   management of this class action. The damages or other financial detriment suffered by Plaintiffs

4   and the Class Members are relatively small compared to the burden and expense that would be

5   required to individually litigate their claims against Defendants, so it would be impracticable for

6   Class Members to individually seek redress for Defendants' wrongful conduct.   Even if Class

7   Members could afford individual litigation, the court system could not.   Individualized litigation

8   creates a potential for inconsistent or contradictory judgments and increases the delay and expense

9   to all parties and the court system.   By contrast, the class action device presents far fewer

10   management difficulties, and provides the benefits of single adjudication, economy of scale, and

11   comprehensive supervision by a single court.

## CAUSES OF ACTION

### COUNT I
**Violation of CAL. BUS. & PROF. CODE §§ 17200, *et seq.* -
(On behalf of Plaintiffs and the National Class)**

15   43.   Plaintiffs hereby incorporate by reference the allegations contained in the

16   preceding paragraphs of this Complaint.

17   44.   As more fully described above, Defendants misrepresented or omitted the true

18   nature of the Defect.   Defendants' misleading marketing and advertising is likely to, and does,

19   deceive reasonable consumers. Indeed, Plaintiffs were deceived about the Defect, as Defendants'

20   marketing and advertising of the Defective Vehicles misrepresents and/or omits the true nature of

21   the Defect. Said acts are fraudulent business practice and acts.

22   45.   Plaintiffs and other members of the Class who purchased or leased the Defective

23   Vehicles suffered a substantial injury by virtue of buying a product that misrepresented and/or

24   omitted the true nature of the Defect.   Had Plaintiffs and members of the Class known that

25   Defendants' materials, advertisements and other inducements misrepresented and/or omitted the

26   true nature of the Defect, they would not have purchased or leased the Defective Vehicles.

27   46.   Defendants' actions alleged herein violate the laws and public policies of

28   California, Michigan, and the federal government, as set out in this Complaint.

47.     There is no benefit to consumers or competition by allowing Defendants to deceptively market, advertise, and sell the Defective Vehicles with the Defect.

48.     Plaintiffs and Class Members who purchased or leased the Defective Vehicles had no way of reasonably knowing that these Vehicles were deceptively marketed and advertised and/or were defective. Thus, Class Members could not have reasonably avoided the injury they suffered.

49.     The gravity of the harm suffered by Plaintiffs and Class Members who purchased or leased the Defective Vehicles outweighs any legitimate justification, motive or reason for marketing and advertising the Defective Vehicles in a deceptive and misleading manner and/or allow vehicles to be sold with the undisclosed Defect. Accordingly, Defendants' actions are immoral, unethical, unscrupulous and offend the established public policies as set out in federal regulations and are substantially injurious to Plaintiffs and Class Members

50.     The above acts by Defendants, in disseminating said misleading and deceptive statements throughout the State of California and nation-wide to consumers, including Plaintiffs and members of the Class, were and are likely to deceive reasonable consumers by obfuscating the true nature the Defect, and thus were violations of Cal. Bus. Prof. Code §§ 17500, *et seq.*

51.     The conduct alleged herein emanated from Defendants' California based Headquarters to consumers within the State of California and throughout the United States.

52.     As a result of Defendants' above unlawful, unfair and fraudulent acts and practices, Plaintiffs, on behalf of himself and all others similarly situated, and as appropriate, on behalf of the general public, seeks injunctive relief prohibiting Defendants from continuing these wrongful practices or requiring Defendants to repair the Defect, and such other equitable relief, including rescission or full restitution of all improper revenues and ill-gotten profits derived from Defendants' wrongful conduct to the fullest extent permitted by law.

**COUNT II**
**Violation of CAL. BUS. & PROF. CODE §§ 17500, *et seq.* -**
**(On behalf of Plaintiffs and the National Class)**

53.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

11

54.     As more fully described above, Defendants misrepresented or omitted the true nature of the Defect.  Defendants' misleading marketing and advertising is likely to, and does, deceive reasonable consumers. Indeed, Plaintiffs was deceived about the Defect, as Defendants' marketing and advertising of the Defective Vehicles misrepresents and/or omits the true nature of the Defect. Said acts are fraudulent business practice and acts.

55.     Plaintiffs and other members of the Class who purchased or leased the Defective Vehicles suffered a substantial injury by virtue of buying a product that misrepresented and/or omitted the true nature of the Defect.  Had Plaintiffs and members of the Class known that Defendants' materials, advertisement and other inducements misrepresented and/or omitted the true nature of the Defect, they would not have purchased or leased the Defective Vehicles.

56.     The above acts by Defendants, in disseminating said misleading and deceptive statements throughout the State of California and nation-wide to consumers, including Plaintiffs and members of the Class, were and are likely to deceive reasonable consumers by obfuscating the true nature the Defect, and thus were violations of Cal. Bus. Prof. Code §§ 17500, *et seq.*

57.     The conduct alleged herein emanated from Defendants' California based Headquarters to consumers within the State of California and throughout the United States.

58.     As a result of Defendants' above unlawful, unfair and fraudulent acts and practices, Plaintiffs, on behalf of himself and all others similarly situated, and as appropriate, on behalf of the general public, seeks injunctive relief prohibiting Defendants from continuing these wrongful practices or requiring Defendants to repair the Defect, and such other equitable relief, including rescission or full restitution of all improper revenues and ill-gotten profits derived from Defendants' wrongful conduct to the fullest extent permitted by law.

**COUNT III**
**Breach of Express Warranty**
**(On behalf of Plaintiffs and the National Class, or alternatively the Michigan and Oklahoma Subclass )**

59.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

60.     Due to its nature, the UCC renders warranty law largely uniform in the U.S. *See*

12

1 | *Shaw v. Toshiba Am. Info. Sys., Inc.,* 91 F. Supp. 2d 942, 957 (E.D. Tex. 2000).

2 |   61.   Upon information and belief, in the course of selling its vehicles, Defendants

3 | expressly warranted in writing that "it will arrange for an authorized [ ] dealer at locations of its

4 | choice to provide for the repair of your vehicle if it fails to function properly during normal use."

5 | Defendants warrant that "all components of your new [ ] Vehicle are covered for 60 months/60,000

6 | miles."

7 |   62.   Defendants breached their express warranties for the Defective Vehicles by,

8 | among other things, selling or leasing to Class Members Defective Vehicles that are not free of

9 | material defects; they contain the Defect, rendering the Vehiclesfar easier to steal than other

10 | vehicles, and are therefore unsafe and worth less than if they not had the Defect.

11 |   63.   Defendants were provided notice of these issues by complaints filed against them,

12 | including the instant Complaint, and, upon information and belief, by numerous communications

13 | sent by customers before or within a reasonable amount of time after the allegations of the vehicles'

14 | Defect became public.

15 |   64.   Due toDefendants' breach of warranties as set forth herein, Plaintiffs and the

16 | Class have been damaged in the amount of the different purchase prices of the Defective Vehicles

17 | with the Defect and a vehicle without the Defect.  Plaintiffs and the Class also assert as an

18 | additional and/or alternative remedy, as set forth in U.C.C. §§ 2-608 and 2-711, for a revocation

19 | of acceptance of the goods, and for a return to Plaintiffs and to the Class of the purchase price of

20 | all vehicles currently owned and for such other incidental and consequential damages as allowed

21 | under U.C.C. §§ 2-608 and 2-711.

**COUNT IV**
**Breach of Implied Warranty**
**(On behalf of Plaintiffs and the National Class, or alternatively the Michigan and Oklahoma Subclass )**

25 |   65.   Plaintiffs hereby incorporates by reference the allegations contained in the

preceding paragraphs of this Complaint.

27 |   66.   Due to its nature, the UCC renders warranty law largely uniform in the U.S. *See*

*Shaw v. Toshiba Am. Info. Sys., Inc.,* 91 F. Supp. 2d 942, 957 (E.D. Tex. 2000).

13

67.     Defendants are and at all relevant times were merchants with respect to motor vehicles under U.C.C. § 2-314.   Defendants, by selling the Defective Vehicles, impliedly warranted that the Vehicles were merchantable with respect to goods of that kind.

68.     Similarly, Defendants, by selling the Defective Vehicles, impliedly warranted that the Vehicles were fit for their particular purpose, to be a safe and reliable means of conveyance under U.C.C. § 2-315.  Plaintiffs and the Class reasonably relied on Defendants' skill or judgment in furnishing a vehicle with sufficient and suitable safety features.

69.     The Defective Vehicles sold by Defendants and purchased by Plaintiffs did not conform with the implied warranties, which are applicable by application of law.  Specifically, by failing to reasonably disclose the Defect, Defendants implied that the Defective Vehicles were not far easier to steal than other vehicles, were thereby safe, and were worth as much as vehicles without the Defect.

70.     As a result of having the Defect, the Defective Vehicles were not merchantable or fit for their particular purpose and Defendants breached their implied warranty of merchantability and fitness for particular purpose with respect to the Defective Vehicles.

71.     Due to the Defendants' breach of warranties as set forth herein, Plaintiffs and the Class have been damaged in the amount of the different purchase price of the Defective Vehicles with the Defect and a vehicle without the Defect.

## COUNT V
### Violation Of Magnuson-Moss Warranty Act - 15 U.S.C. § 2301, *et seq.*
### (On behalf of Plaintiffs and the National Class, or alternatively the Michigan and Oklahoma Subclass )

72.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

73.     The Defective Vehicles are consumer products as defined in 15 U.S.C. § 2301(1).

74.     Plaintiffs and Class Members are consumers as defined in 15 U.S.C. § 2301(3) and utilized the Defective Vehicles for personal and household use and not for resale or commercial purposes.

75.     Plaintiffs and Class Members purchased or leased the Defective Vehicles costing

14

1 | more than $5 and their individual claims are greater than $25 as required by 15 U.S.C. §§ 2302(e).

2 |     76.    Defendants are a supplier and warrantor as defined in 15 U.S.C. §§ 2301(4) and

3 | (5).

4 |     77.    Defendants provided a "written warranty" within the meaning of 15 U.S.C.

5 | 2301(6) for the Defective Vehicles.

6 |     78.    The MMWA provides a cause of action for breach of warranty, including the

7 | violation of express warranty and implied warranties, or other violations of the Act. 15 U.S.C. §

8 | 2310(d)(1).

9 |     79.    Defendants violated the express and implied warranties because the Defective

10 | Vehicles contained the Defect as alleged above.

11 |     80.    In its capacity as warrantor, and by the conduct described herein, any attempt by

12 | Defendants to limit the warranties in a manner that it does is not permitted by law.

13 |     81.    By Defendants' conduct as described herein, Defendants have failed to comply

14 | with its obligations under its implied promises, warranties, and representations.

15 |     82.    Plaintiffs and the Class fulfilled their obligations under the express warranties for

16 | the Products.

17 |     83.    As a result of Defendants' breach of warranties, Plaintiffs and the Class are

18 | entitled to revoke their acceptance of the Defective Vehicles and/or are entitled to recover

19 | "damages and other legal and equitable relief" and "costs and expenses (including attorneys' fees

20 | based upon actual time expended)" as provided in 15 U.S.C. § 2310(d).

21 | **COUNT VI**<br>**Violation of M.C.L. §§ 445.901,** *et seq*<br>**(On behalf of Plaintiff DesJardins and the Michigan Subclass)**

22 |

23 |     84.    Plaintiff DesJardins hereby incorporates by reference the allegations contained in

24 | the preceding paragraphs of this Complaint.

25 |     85.    Plaintiff DesJardins and Defendants are persons as defined by M.C.L. §

26 | 445.902(d).

27 |     86.    Defendants engaged in trade or commerce, as defined by M.C.L. § 445.902(g),

28 | by advertising, soliciting, providing, offering, or distributing the Defective Vehicles within the

15

1   State of Michigan.

2       87.     As more fully described above, Defendants misrepresented or omitted the true

3   nature of the Defect. Defendants' misleading marketing and advertising is likely to, and does,

4   deceive reasonable consumers. Indeed, Plaintiff DesJardins was deceived about the Defect, as

5   Defendants' marketing and advertising of the Defective Vehicles misrepresents and/or omits the

6   true nature of the Defect.

7       88.     Plaintiff DesJardins and other members of the Michigan Subclass who purchased

8   or leased the Defective Vehicles suffered a substantial injury by virtue of buying a product that

9   misrepresented and/or omitted the true nature of the Defect. Had Plaintiff and members of the

10  Michigan Subclass known that Defendants' materials, advertisement and other inducements

11  misrepresented and/or omitted the true nature of the Defect, they would not have purchased or

12  leased the Defective Vehicles.

13      89.     The above acts by Defendants, in disseminating said misleading and deceptive

14  statements throughout the State of Michigan to consumers, including to Plaintiff and members of

15  the Michigan Subclass, were and are likely to deceive reasonable consumers by obfuscating the

16  true nature the Defect, and thus were violations of M.C.L. § 445.903(1) (c), (e), (s), and (cc)

17      90.     As a result of Defendants' conduct, Plaintiff DesJardins and Michigan Subclass

18  Members were harmed and suffered actual damages as a result of Defendants' unfair,

19  unconscionable, or deceptive methods, acts, or practices. Had Defendants disclosed the true nature

20  of the Defect, Plaintiff would not have been misled into purchasing the Defective Vehicles, or,

21  alternatively, would have paid significantly less for them.

22      91.     Plaintiff DesJardins , on behalf of himself and all other similarly situated

23  Michigan consumers, and as appropriate, on behalf of the general public of the State of Michigan,

24  seeks damages, as well as declarative and injunctive relief prohibiting Defendants from continuing

25  these unlawful practices pursuant to M.C.L. § 445.911.

26      92.     As a result of Defendants' above unfair, unconscionable, or deceptive methods,

27  acts, or practices, Plaintiff DesJardins , on behalf of himself and all others similarly situated, and

28  as appropriate, on behalf of the general public of the State of Michigan, seeks an award of the

16

1   actual damages caused by Defendants' unfair, unconscionable, or deceptive methods, acts, or

2   practices and any other relief the Court deems appropriate.

3                                          **COUNT VII**
                                   **Violation of 15 OK. Stat. § 15-751**
4                  **(On behalf of Plaintiff Baker and the Oklahoma Subclass)**

5          93.      Plaintiff Baker hereby incorporates by reference the allegations contained in the

6   preceding paragraphs of this Complaint.

7          94.      Defendants are persons as defined by 15 OK. Stat. § 15-752(1).

8          95.      Defendants' advertisement, offer of sale, sale, warranty, and distribution of the

9   Defective Vehicles constitute a "consumer transaction" as defined by 15 OK. Stat. § 15-752(2).

10         96.      As more fully described above, Defendants misrepresented or omitted the true

11  nature of the Defect.  Defendants' misleading marketing and advertising is likely to, and does,

12  deceive reasonable consumers. Indeed, Plaintiff Baker was deceived about the Defect, as

13  Defendants' marketing and advertising of the Defective Vehicles misrepresents and/or omits the

14  true nature of the Defect.

15         97.      Plaintiff Baker and other members of the Oklahoma Subclass who purchased or

16  leased the Defective Vehicles suffered a substantial injury by virtue of buying a product that

17  misrepresented and/or omitted the true nature of the Defect.  Had Plaintiff and members of the

18  Oklahoma Subclass known that Defendants' materials, advertisement and other inducements

19  misrepresented and/or omitted the true nature of the Defect, they would not have purchased or

20  leased the Defective Vehicles.

21         98.      The above acts of Defendants, in disseminating said misleading and deceptive

22  statements throughout the State of Oklahoma to consumers, including Plaintiff Baker and members

23  of the Oklahoma Subclass, were and are likely to deceive reasonable consumers by obfuscating

24  the true nature the Defect, and thus were violations of 15 OK. Stat. § 15-753(5) (7), (8), and (20)

25         99.      As a result of Defendant's conduct, Plaintiff Baker and Oklahoma Subclass

26  members were harmed and suffered actual damages as a result of Defendants' unfair,

27  unconscionable, or deceptive methods, acts, or practices. Had Defendants disclosed the true nature

28  of the Defect, Plaintiff would not have been misled into purchasing the Defective Vehicles, or,

                                              17

1   alternatively, paid significantly less for them.

2   100.   Plaintiff Baker, on behalf of herself and all other similarly situated Oklahoma

3   consumers, and as appropriate, on behalf of the general public of the State of Oklahoma, seeks

4   damages, as well as declarative and injunctive relief prohibiting Defendants from continuing these

5   unlawful practices pursuant to 15 OK. Stat. §15-761.1.

6   101.   As a result of Defendants' above unfair, unconscionable, or deceptive methods,

7   acts, or practices, Plaintiff, on behalf of herself and all others similarly situated, and as appropriate,

8   on behalf of the general public of the State of Oklahoma, seeks an award of the actual damages

9   caused by Defendants' unfair, unconscionable, or deceptive methods, acts, or practices and any

10   other relief the Court deems appropriate.

11   **PRAYER FOR RELIEF**

12   WHEREFORE, Plaintiff, individually and on behalf of a Class of all others similarly

13   situated, seek a judgment against Defendant, as follows:

14   a.   For an order certifying the Class and naming Plaintiff as Class representative and

15   Plaintiff's attorneys as Class Counsel;

16   b.   For an order declaring that Defendants' conduct violates the statutes referenced

17   herein;

18   c.   For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

19   d.   For compensatory, statutory, and punitive damages, as applicable, in amounts to be

20   determined by the Court and/or jury;

21   e.   For prejudgment interest on all amounts awarded;

22   f.   For an order of restitution and all other forms of equitable relief;

23   g.   For injunctive relief as pleaded or as the Court may deem proper; and

24   h.   For an order awarding Plaintiff and the Class their reasonable attorneys' fees,

25   expenses and costs incurred in bringing this lawsuit.

26   **JURY TRIAL DEMANDED**

27   Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

28

18

CLASS ACTION COMPLAINT

1    Dated: August 25, 2022                    Respectfully submitted,

2

3                                              Trenton R. Kashima (SBN 291405)
                                               **MILBERG COLEMAN BRYSON**
4                                              **PHILLIPS GROSSMAN PLLC**
                                               401 West C St., Suite 1760
5                                              San Diego, CA 92101
                                               Tel: (714) 651-8845
6                                              Email: tkashima@milberg.com

7
                                               John J. Nelson (SBN 317598)
8                                              **MILBERG COLEMAN BRYSON**
                                               **PHILLIPS GROSSMAN, PLLC**
9                                              280 South Beverly Drive
                                               Beverly Hills, California 90212
10                                             Tel: (858) 209-6941
                                               Email: jnelson@milberg.com
11

12                                             Joel D. Smith (SBN 244902)
                                               **BURSOR & FISHER, P.A.**
13                                             1990 North California Boulevard, Suite 940
                                               Walnut Creek, CA 94596
14                                             Tel: (925) 300-4455
                                               Email: jsmith@bursor.com
15

16                                             Frederick J. Klorczyk III (SBN 320783)
                                               **BURSOR & FISHER, P.A.**
17                                             888 Seventh Avenue
                                               New York, NY 10019
18                                             Tel: (646) 837-7150
                                               Email: fklorczyk@bursor.com
19

20                                             Kevin J, Stoops (SBN 332200)
                                               Jason T. Thompson*
21                                             **SOMMERS SCHWARTZ, P.C.**
                                               One Towne Square, 17th Floor
22                                             Southfield, MI 48076
                                               Tel: (248) 355-0300
23                                             Email: kstoops@sommerspc.com

24
                                               *Pro Hac Vice application forthcoming*
25
                                               *Attorneys for Plaintiffs*
26                                             *and the Class*

27

28

                                        19

CLASS ACTION COMPLAINT

Electronically Filed by Superior Court of California, County of Orange, 08/25/2022 02:53:52 PM.
30-2022-01277337-CU-NP-CXC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Trenton R. Kashima (SBN 291405)<br>401 West C St., Suite 1760, San Diego, CA 92101<br><br>TELEPHONE NO.: 212-946-9389   FAX NO. (Optional):<br>E-MAIL ADDRESS: tkashima@milberg.com<br>ATTORNEY FOR (Name): Plaintiffs Monique E. Baker and Stephen L. DesJardins | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 751 WEST SANTA ANA BLVD.
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CIVIL COMPLEX CENTER

CASE NAME:
Baker, et al. v. KIA America, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2022-01277337-CU-NP-CXC |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Glenda Sanders<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*   CX-101

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 7
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 8-25-22
Trenton Kashima
_____
(TYPE OR PRINT NAME)       ▶       _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**     **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
    Physicians & Surgeons
   Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
    and fall)
   Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
   Intentional Infliction of
    Emotional Distress
   Negligent Infliction of
    Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
   Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
    Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
    Case Matter
   Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
    County)
   Confession of Judgment *(non-
   domestic relations)*
   Sister State Judgment
   Administrative Agency Award
    *(not unpaid taxes)*
   Petition/Certification of Entry of
    Judgment on Unpaid Taxes
   Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
   harassment)*
   Mechanics Lien
   Other Commercial Complaint
    Case *(non-tort/non-complex)*
   Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
    Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
    Claim
   Other Civil Petition

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any  court  staff responsible for providing parties with assistance regarding  ADR.

(3) Information about the availability of local dispute resolution  programs  funded under the Dispute Resolutions Program Act  (DRPA),  in  counties  that  are participating in the DRPA. This information may take the form of a list of  the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                                  STATE:           ZIP CODE:<br>TELEPHONE NO.:                    FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____  _____  _____
                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____  _____  _____
                     (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use
L1270 (Rev. March 2019)

California Rules of Court, rule 3.221

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 Rev. Dec. 2019

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:      STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                                    STATE:        ZIP CODE:<br>TELEPHONE NO.:                           FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____    _____    _____
                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____    _____    _____
                     (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

Exhibit B

Case Summary:

| Case Id: | 30-2022-01277337-CU-NP-CXC |
|---|---|
| Case Title: | MONIQUE E. BAKER VS. KIA AMERICA, INC. |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 08/25/2022 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 41376920 RECEIVED ON 08/25/2022 02:53:52 PM. | 08/26/2022 | | *NV* | |
| 2 | COMPLAINT FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 20 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 2 pages | ☐ |
| 4 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 13097521 AND RECEIPT NUMBER 12925523. | 08/26/2022 | | 1 pages | ☐ |
| 5 | CASE ASSIGNED TO JUDICIAL OFFICER SANDERS, GLENDA ON 08/25/2022. | 08/25/2022 | | *NV* | |
| 6 | E-FILING TRANSACTION NUMBER 11031782 REJECTED. | 08/29/2022 | | 1 pages | ☐ |
| 7 | E-FILING TRANSACTION 11033872 RECEIVED ON 09/01/2022 02:41:22 PM. | 09/02/2022 | | *NV* | |
| 8 | SUMMONS ISSUED AND FILED FILED | 09/01/2022 | | 1 pages | ☐ |
| 9 | E-FILING TRANSACTION 41382298 RECEIVED ON 09/08/2022 12:29:08 PM. | 09/08/2022 | | *NV* | |
| 10 | PROOF OF SERVICE OF SUMMONS FILED | 09/08/2022 | | 1 pages | ☐ |
| 11 | E-FILING TRANSACTION 31204174 RECEIVED ON 09/08/2022 12:29:10 PM. | 09/08/2022 | | *NV* | |
| 12 | PROOF OF SERVICE OF SUMMONS FILED | 09/08/2022 | | 1 pages | ☐ |
| 13 | STATUS CONFERENCE SCHEDULED FOR 12/21/2022 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 09/12/2022 | | *NV* | |
| 14 | THE STATUS CONFERENCE IS SCHEDULED FOR 12/21/2022 AT 01:30 PM IN DEPARTMENT CX101. | 09/12/2022 | | *NV* | |
| 15 | MINUTES FINALIZED FOR CHAMBERS WORK 09/12/2022 08:45:00 AM. | 09/12/2022 | | 2 pages | ☐ |
| 16 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 09/12/2022 | | 3 pages | ☐ |
| 17 | E-FILING TRANSACTION 41384286 RECEIVED ON 09/13/2022 02:31:39 PM. | 09/13/2022 | | *NV* | |
| 18 | PROOF OF SERVICE BY MAIL FILED | 09/13/2022 | | 2 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| STEPHEN L. DESJARDINS | PLAINTIFF | | 08/26/2022 | |
| HYUNDAI MOTOR AMERICA | DEFENDANT | | 08/26/2022 | |
| MILBERG COLEMAN BRYSON PHILLIPS GROSSM | ATTORNEY | | 08/26/2022 | |
| KIA AMERICA, INC. | DEFENDANT | | 08/26/2022 | |
| MONIQUE E. BAKER | PLAINTIFF | | 08/26/2022 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| STATUS CONFERENCE | 12/21/2022 | 01:30 | CX101 | SANDERS |

Print this page

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Trenton R. Kashima (SBN 291405)
401 West C St., Suite 1760, San Diego, CA 92101

TELEPHONE NO.: 212-946-9389    FAX NO. (Optional):
E-MAIL ADDRESS: tkashima@milberg.com
ATTORNEY FOR (Name): Plaintiffs Monique E. Baker and Stephen L. DesJardins

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 WEST SANTA ANA BLVD.
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CIVIL COMPLEX CENTER

CASE NAME:
Baker, et al. v. KIA America, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2022-01277337-CU-NP-CXC |
| | | JUDGE: Judge Glenda Sanders |
| | | DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).    CX-101

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 7
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 8-25-22

Trenton Kashima
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Case Summary:

| Case Id: | 30-2022-01277337-CU-NP-CXC |
|---|---|
| Case Title: | MONIQUE E. BAKER VS. KIA AMERICA, INC. |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 08/25/2022 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 41376920 RECEIVED ON 08/25/2022 02:53:52 PM. | 08/26/2022 | | *NV* | |
| 2 | COMPLAINT FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 20 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 2 pages | ☑ |
| 4 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 13097521 AND RECEIPT NUMBER 12925523. | 08/26/2022 | | 1 pages | ☑ |
| 5 | CASE ASSIGNED TO JUDICIAL OFFICER SANDERS, GLENDA ON 08/25/2022. | 08/25/2022 | | *NV* | |
| 6 | E-FILING TRANSACTION NUMBER 11031782 REJECTED. | 08/29/2022 | | 1 pages | ☑ |
| 7 | E-FILING TRANSACTION 11033872 RECEIVED ON 09/01/2022 02:41:22 PM. | 09/02/2022 | | *NV* | |
| 8 | SUMMONS ISSUED AND FILED FILED | 09/01/2022 | | 1 pages | ☑ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| STEPHEN L. DESJARDINS | PLAINTIFF | | 08/26/2022 | |
| HYUNDAI MOTOR AMERICA | DEFENDANT | | 08/26/2022 | |
| MILBERG COLEMAN BRYSON PHILLIPS GROSSM | ATTORNEY | | 08/26/2022 | |
| KIA AMERICA, INC. | DEFENDANT | | 08/26/2022 | |
| MONIQUE E. BAKER | PLAINTIFF | | 08/26/2022 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|

Print this page

Case Summary:

| | |
|---|---|
| Case Id: | 30-2022-01277337-CU-NP-CXC |
| Case Title: | MONIQUE E. BAKER VS. KIA AMERICA, INC. |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 08/25/2022 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 41376920 RECEIVED ON 08/25/2022 02:53:52 PM. | 08/26/2022 | | *NV* | |
| 2 | COMPLAINT FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 20 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 2 pages | ☑ |
| 4 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 13097521 AND RECEIPT NUMBER 12925523. | 08/26/2022 | | 1 pages | ☑ |
| 5 | CASE ASSIGNED TO JUDICIAL OFFICER SANDERS, GLENDA ON 08/25/2022. | 08/25/2022 | | *NV* | |
| 6 | E-FILING TRANSACTION NUMBER 11031782 REJECTED. | 08/29/2022 | | 1 pages | ☑ |
| 7 | E-FILING TRANSACTION 11033872 RECEIVED ON 09/01/2022 02:41:22 PM. | 09/02/2022 | | *NV* | |
| 8 | SUMMONS ISSUED AND FILED FILED | 09/01/2022 | | 1 pages | ☑ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| STEPHEN L. DESJARDINS | PLAINTIFF | | 08/26/2022 | |
| HYUNDAI MOTOR AMERICA | DEFENDANT | | 08/26/2022 | |
| MILBERG COLEMAN BRYSON PHILLIPS GROSSM | ATTORNEY | | 08/26/2022 | |
| KIA AMERICA, INC. | DEFENDANT | | 08/26/2022 | |
| MONIQUE E. BAKER | PLAINTIFF | | 08/26/2022 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|

Print this page



# SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ORANGE

**Superior Court of California, County of Orange**

751 W. Santa Ana Blvd
Santa Ana,  CA 92701

**E-Filing Transaction #:** 41376920

**PAYMENT RECEIPT**

**Receipt #:**  12925523

**Clerk ID:**  gramirez          **Transaction No:**  13097521          **Transaction Date:**  08/26/2022          **Transaction Time:** 02:04:35 PM

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2022-01277337-CU-NP-CXC | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |
| 30-2022-01277337-CU-NP-CXC | 34 - Complex Case Fee - Plaintiff | 1 | $1,000.00 | $1,000.00 | $1,000.00 | $0.00 |
| | | | | Sales Tax: | $0.00 | |
| | | | | **Total:** | **$1,435.00** | **Total Rem. Bal:** |
| E-Filing :  - OneLegal | | | | | | |

E-Filing:          $1,435.00

Total Amount Tendered:          $1,435.00

Change Due:          **$0.00**

Balance:          **$0.00**

A $45 fee may be charged for each returned check, electronic funds transfer or credit card payment.

## COPY

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 751 W. Santa Ana Blvd<br>MAILING ADDRESS: P.O. Box 1994<br>CITY AND ZIP CODE: Santa Ana, CA 92702<br>BRANCH NAME: Civil Complex Center | |
| SHORT TITLE: Baker vs. Kia America, Inc. | |

| NOTICE OF REJECTION OF ELECTRONIC FILING | CASE NUMBER:<br>30-2022-01277337-CU-NP-CXC |
|---|---|

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of Orange

## E-Filing Summary Data

Electronically Submitted By: Monique Baker
On Behalf of:
Transaction Number:          11031782
Court received Date:          08/29/2022
Court received Time:          10:32:39 AM
Amount not to Exceed:

## Documents Electronically Filed

Summons Issued and Filed  Kia America, Inc.

Summons Issued and Filed as to Hyundai Motor America

This electronic filing was rejected based on the following reason(s):

**Reject Reason 1:**   Other
Clerk's comments to submitter:
2ND NOTICE Clerks Comments to submitter: Parties listed on the Summons must match parties listed on the caption of the Complaint exactly, word for word including verbiage. SEE CCP

## E-Filing Service Provider Information

Name:             OneLegal
Email:            support@onelegal.com
Contact Person:   Customer Support
Phone:            8009388815

Case Summary:

| Case Id: | 30-2022-01277337-CU-NP-CXC |
|---|---|
| Case Title: | MONIQUE E. BAKER VS. KIA AMERICA, INC. |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 08/25/2022 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 41376920 RECEIVED ON 08/25/2022 02:53:52 PM. | 08/26/2022 | | *NV* | |
| 2 | COMPLAINT FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 20 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 2 pages | ☑ |
| 4 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 13097521 AND RECEIPT NUMBER 12925523. | 08/26/2022 | | 1 pages | ☑ |
| 5 | CASE ASSIGNED TO JUDICIAL OFFICER SANDERS, GLENDA ON 08/25/2022. | 08/25/2022 | | *NV* | |
| 6 | E-FILING TRANSACTION NUMBER 11031782 REJECTED. | 08/29/2022 | | 1 pages | ☑ |
| 7 | E-FILING TRANSACTION 11033872 RECEIVED ON 09/01/2022 02:41:22 PM. | 09/02/2022 | | *NV* | |
| 8 | SUMMONS ISSUED AND FILED FILED | 09/01/2022 | | 1 pages | ☑ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| STEPHEN L. DESJARDINS | PLAINTIFF | | 08/26/2022 | |
| HYUNDAI MOTOR AMERICA | DEFENDANT | | 08/26/2022 | |
| MILBERG COLEMAN BRYSON PHILLIPS GROSSM | ATTORNEY | | 08/26/2022 | |
| KIA AMERICA, INC. | DEFENDANT | | 08/26/2022 | |
| MONIQUE E. BAKER | PLAINTIFF | | 08/26/2022 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|

Print this page

Case Summary:

| Case Id: | 30-2022-01277337-CU-NP-CXC |
|---|---|
| Case Title: | MONIQUE E. BAKER VS. KIA AMERICA, INC. |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 08/25/2022 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 41376920 RECEIVED ON 08/25/2022 02:53:52 PM. | 08/26/2022 | | *NV* | |
| 2 | COMPLAINT FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 20 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 2 pages | ☐ |
| 4 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 13097521 AND RECEIPT NUMBER 12925523. | 08/26/2022 | | 1 pages | ☐ |
| 5 | CASE ASSIGNED TO JUDICIAL OFFICER SANDERS, GLENDA ON 08/25/2022. | 08/25/2022 | | *NV* | |
| 6 | E-FILING TRANSACTION NUMBER 11031782 REJECTED. | 08/29/2022 | | 1 pages | ☐ |
| 7 | E-FILING TRANSACTION 11033872 RECEIVED ON 09/01/2022 02:41:22 PM. | 09/02/2022 | | *NV* | |
| 8 | SUMMONS ISSUED AND FILED FILED | 09/01/2022 | | 1 pages | ☐ |
| 9 | E-FILING TRANSACTION 41382298 RECEIVED ON 09/08/2022 12:29:08 PM. | 09/08/2022 | | *NV* | |
| 10 | PROOF OF SERVICE OF SUMMONS FILED | 09/08/2022 | | 1 pages | ☐ |
| 11 | E-FILING TRANSACTION 31204174 RECEIVED ON 09/08/2022 12:29:10 PM. | 09/08/2022 | | *NV* | |
| 12 | PROOF OF SERVICE OF SUMMONS FILED | 09/08/2022 | | 1 pages | ☐ |
| 13 | STATUS CONFERENCE SCHEDULED FOR 12/21/2022 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 09/12/2022 | | *NV* | |
| 14 | THE STATUS CONFERENCE IS SCHEDULED FOR 12/21/2022 AT 01:30 PM IN DEPARTMENT CX101. | 09/12/2022 | | *NV* | |
| 15 | MINUTES FINALIZED FOR CHAMBERS WORK 09/12/2022 08:45:00 AM. | 09/12/2022 | | 2 pages | ☐ |
| 16 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 09/12/2022 | | 3 pages | ☐ |
| 17 | E-FILING TRANSACTION 41384286 RECEIVED ON 09/13/2022 02:31:39 PM. | 09/13/2022 | | *NV* | |
| 18 | PROOF OF SERVICE BY MAIL FILED | 09/13/2022 | | 2 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| STEPHEN L. DESJARDINS | PLAINTIFF | | 08/26/2022 | |
| HYUNDAI MOTOR AMERICA | DEFENDANT | | 08/26/2022 | |
| MILBERG COLEMAN BRYSON PHILLIPS GROSSM | ATTORNEY | | 08/26/2022 | |
| KIA AMERICA, INC. | DEFENDANT | | 08/26/2022 | |
| MONIQUE E. BAKER | PLAINTIFF | | 08/26/2022 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| STATUS CONFERENCE | 12/21/2022 | 01:30 | CX101 | SANDERS |

Print this page

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Trenton Kashima, 291405<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN<br>402 West Broadway, Suite 1760,<br>San Diego, CA 92101<br>TELEPHONE NO.: 7146518845<br>ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Orange County |
| 751 W. Santa Ana Blvd. |
| Santa Ana, CA 92701 |

| PLAINTIFF/PETITIONER: Monique E. Baker, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KIA America, Inc., et al. | 30-2022-01277337-CU-NP-CXC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>MAT-22082557209 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Complaint, Civil Case Cover Sheet, Alternative Dispute Resolution Package, ADR Stipulation, Summons

3. a. Party served: Hyundai Motor America, a California Corporation

   b. Person Served: CSC - Koy Saechao - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Dr
                       Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 09/07/2022      (2) at (time): 1:40PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Hyundai Motor America, a California Corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:         Tyler Anthony DiMaria
   b. Address:     One Legal - P-000618-Sonoma
                 1400 North McDowell Blvd, Ste 300
                 Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2006-06
         (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 09/07/2022

Tyler Anthony DiMaria
_____
(NAME OF PERSON WHO SERVED PAPERS)               (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 18865182

Case Summary:

| Case Id: | 30-2022-01277337-CU-NP-CXC |
|---|---|
| Case Title: | MONIQUE E. BAKER VS. KIA AMERICA, INC. |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 08/25/2022 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 41376920 RECEIVED ON 08/25/2022 02:53:52 PM. | 08/26/2022 | | *NV* | |
| 2 | COMPLAINT FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 20 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 2 pages | ☐ |
| 4 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 13097521 AND RECEIPT NUMBER 12925523. | 08/26/2022 | | 1 pages | ☐ |
| 5 | CASE ASSIGNED TO JUDICIAL OFFICER SANDERS, GLENDA ON 08/25/2022. | 08/25/2022 | | *NV* | |
| 6 | E-FILING TRANSACTION NUMBER 11031782 REJECTED. | 08/29/2022 | | 1 pages | ☐ |
| 7 | E-FILING TRANSACTION 11033872 RECEIVED ON 09/01/2022 02:41:22 PM. | 09/02/2022 | | *NV* | |
| 8 | SUMMONS ISSUED AND FILED FILED | 09/01/2022 | | 1 pages | ☐ |
| 9 | E-FILING TRANSACTION 41382298 RECEIVED ON 09/08/2022 12:29:08 PM. | 09/08/2022 | | *NV* | |
| 10 | PROOF OF SERVICE OF SUMMONS FILED | 09/08/2022 | | 1 pages | ☐ |
| 11 | E-FILING TRANSACTION 31204174 RECEIVED ON 09/08/2022 12:29:10 PM. | 09/08/2022 | | *NV* | |
| 12 | PROOF OF SERVICE OF SUMMONS FILED | 09/08/2022 | | 1 pages | ☐ |
| 13 | STATUS CONFERENCE SCHEDULED FOR 12/21/2022 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 09/12/2022 | | *NV* | |
| 14 | THE STATUS CONFERENCE IS SCHEDULED FOR 12/21/2022 AT 01:30 PM IN DEPARTMENT CX101. | 09/12/2022 | | *NV* | |
| 15 | MINUTES FINALIZED FOR CHAMBERS WORK 09/12/2022 08:45:00 AM. | 09/12/2022 | | 2 pages | ☐ |
| 16 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 09/12/2022 | | 3 pages | ☐ |
| 17 | E-FILING TRANSACTION 41384286 RECEIVED ON 09/13/2022 02:31:39 PM. | 09/13/2022 | | *NV* | |
| 18 | PROOF OF SERVICE BY MAIL FILED | 09/13/2022 | | 2 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| STEPHEN L. DESJARDINS | PLAINTIFF | | 08/26/2022 | |
| HYUNDAI MOTOR AMERICA | DEFENDANT | | 08/26/2022 | |
| MILBERG COLEMAN BRYSON PHILLIPS GROSSM | ATTORNEY | | 08/26/2022 | |
| KIA AMERICA, INC. | DEFENDANT | | 08/26/2022 | |
| MONIQUE E. BAKER | PLAINTIFF | | 08/26/2022 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| STATUS CONFERENCE | 12/21/2022 | 01:30 | CX101 | SANDERS |

Print this page

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Trenton Kashima, 291405<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN<br>402 West Broadway, Suite 1760,<br>San Diego, CA 92101<br>**TELEPHONE NO.:** 7146518845<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>Superior Court of California, Orange County<br>751 W. Santa Ana Blvd.<br>Santa Ana, CA 92701 | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Monique E. Baker, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: KIA America, Inc., et al. | 30-2022-01277337-CU-NP-CXC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>MAT-22082557209 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Summons; Complaint; Civil Case Cover Sheet; Alternative Dispute Resolution Information Package

3. a. Party served:  Kia America, Inc., a California Corporation

   b. Person Served: CT Corp - Daisy Montenegro, Process Specialist - Person Authorized to Accept Service of Process

4. Address where the party was served: 330 North Brand Blvd, #700
   Glendale, CA 91203
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 09/07/2022          (2) at  (time): 12:21PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Kia America, Inc., a California Corporation
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a.  Name:       Jessica Brown
   b.  Address:    One Legal - P-000618-Sonoma
                   1400 North McDowell Blvd, Ste 300
                   Petaluma, CA 94954

   c.  Telephone number: 415-491-0606
   d.  The fee for service was: $ 40.00
   e I am:
       (3)  registered California process server.
            (i)  Employee or independent contractor.
            (ii)  Registration No.: 2019217220
            (iii) County:  Los Angeles
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  09/07/2022

Jessica Brown
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | Code of Civil Procedure, § 417.10 |

**PROOF OF SERVICE OF SUMMONS**

OL# 18865181

Case Summary:

| Case Id: | 30-2022-01277337-CU-NP-CXC |
|---|---|
| Case Title: | MONIQUE E. BAKER VS. KIA AMERICA, INC. |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 08/25/2022 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 41376920 RECEIVED ON 08/25/2022 02:53:52 PM. | 08/26/2022 | | *NV* | |
| 2 | COMPLAINT FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 20 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 2 pages | ☐ |
| 4 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 13097521 AND RECEIPT NUMBER 12925523. | 08/26/2022 | | 1 pages | ☐ |
| 5 | CASE ASSIGNED TO JUDICIAL OFFICER SANDERS, GLENDA ON 08/25/2022. | 08/25/2022 | | *NV* | |
| 6 | E-FILING TRANSACTION NUMBER 11031782 REJECTED. | 08/29/2022 | | 1 pages | ☐ |
| 7 | E-FILING TRANSACTION 11033872 RECEIVED ON 09/01/2022 02:41:22 PM. | 09/02/2022 | | *NV* | |
| 8 | SUMMONS ISSUED AND FILED FILED | 09/01/2022 | | 1 pages | ☐ |
| 9 | E-FILING TRANSACTION 41382298 RECEIVED ON 09/08/2022 12:29:08 PM. | 09/08/2022 | | *NV* | |
| 10 | PROOF OF SERVICE OF SUMMONS FILED | 09/08/2022 | | 1 pages | ☐ |
| 11 | E-FILING TRANSACTION 31204174 RECEIVED ON 09/08/2022 12:29:10 PM. | 09/08/2022 | | *NV* | |
| 12 | PROOF OF SERVICE OF SUMMONS FILED | 09/08/2022 | | 1 pages | ☐ |
| 13 | STATUS CONFERENCE SCHEDULED FOR 12/21/2022 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 09/12/2022 | | *NV* | |
| 14 | THE STATUS CONFERENCE IS SCHEDULED FOR 12/21/2022 AT 01:30 PM IN DEPARTMENT CX101. | 09/12/2022 | | *NV* | |
| 15 | MINUTES FINALIZED FOR CHAMBERS WORK 09/12/2022 08:45:00 AM. | 09/12/2022 | | 2 pages | ☐ |
| 16 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 09/12/2022 | | 3 pages | ☐ |
| 17 | E-FILING TRANSACTION 41384286 RECEIVED ON 09/13/2022 02:31:39 PM. | 09/13/2022 | | *NV* | |
| 18 | PROOF OF SERVICE BY MAIL FILED | 09/13/2022 | | 2 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| STEPHEN L. DESJARDINS | PLAINTIFF | | 08/26/2022 | |
| HYUNDAI MOTOR AMERICA | DEFENDANT | | 08/26/2022 | |
| MILBERG COLEMAN BRYSON PHILLIPS GROSSM | ATTORNEY | | 08/26/2022 | |
| KIA AMERICA, INC. | DEFENDANT | | 08/26/2022 | |
| MONIQUE E. BAKER | PLAINTIFF | | 08/26/2022 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| STATUS CONFERENCE | 12/21/2022 | 01:30 | CX101 | SANDERS |

Print this page

Case Summary:

| Case Id: | 30-2022-01277337-CU-NP-CXC |
|---|---|
| Case Title: | MONIQUE E. BAKER VS. KIA AMERICA, INC. |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 08/25/2022 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 41376920 RECEIVED ON 08/25/2022 02:53:52 PM. | 08/26/2022 | | *NV* | |
| 2 | COMPLAINT FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 20 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 2 pages | ☐ |
| 4 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 13097521 AND RECEIPT NUMBER 12925523. | 08/26/2022 | | 1 pages | ☐ |
| 5 | CASE ASSIGNED TO JUDICIAL OFFICER SANDERS, GLENDA ON 08/25/2022. | 08/25/2022 | | *NV* | |
| 6 | E-FILING TRANSACTION NUMBER 11031782 REJECTED. | 08/29/2022 | | 1 pages | ☐ |
| 7 | E-FILING TRANSACTION 11033872 RECEIVED ON 09/01/2022 02:41:22 PM. | 09/02/2022 | | *NV* | |
| 8 | SUMMONS ISSUED AND FILED FILED | 09/01/2022 | | 1 pages | ☐ |
| 9 | E-FILING TRANSACTION 41382298 RECEIVED ON 09/08/2022 12:29:08 PM. | 09/08/2022 | | *NV* | |
| 10 | PROOF OF SERVICE OF SUMMONS FILED | 09/08/2022 | | 1 pages | ☐ |
| 11 | E-FILING TRANSACTION 31204174 RECEIVED ON 09/08/2022 12:29:10 PM. | 09/08/2022 | | *NV* | |
| 12 | PROOF OF SERVICE OF SUMMONS FILED | 09/08/2022 | | 1 pages | ☐ |
| 13 | STATUS CONFERENCE SCHEDULED FOR 12/21/2022 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 09/12/2022 | | *NV* | |
| 14 | THE STATUS CONFERENCE IS SCHEDULED FOR 12/21/2022 AT 01:30 PM IN DEPARTMENT CX101. | 09/12/2022 | | *NV* | |
| 15 | MINUTES FINALIZED FOR CHAMBERS WORK 09/12/2022 08:45:00 AM. | 09/12/2022 | | 2 pages | ☐ |
| 16 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 09/12/2022 | | 3 pages | ☐ |
| 17 | E-FILING TRANSACTION 41384286 RECEIVED ON 09/13/2022 02:31:39 PM. | 09/13/2022 | | *NV* | |
| 18 | PROOF OF SERVICE BY MAIL FILED | 09/13/2022 | | 2 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| STEPHEN L. DESJARDINS | PLAINTIFF | | 08/26/2022 | |
| HYUNDAI MOTOR AMERICA | DEFENDANT | | 08/26/2022 | |
| MILBERG COLEMAN BRYSON PHILLIPS GROSSM | ATTORNEY | | 08/26/2022 | |
| KIA AMERICA, INC. | DEFENDANT | | 08/26/2022 | |
| MONIQUE E. BAKER | PLAINTIFF | | 08/26/2022 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| STATUS CONFERENCE | 12/21/2022 | 01:30 | CX101 | SANDERS |

Print this page

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 09/12/2022          TIME: 08:45:00 AM          DEPT: CX101

JUDICIAL OFFICER PRESIDING: Glenda Sanders
CLERK: L. Mora
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: D. Miranda

CASE NO: **30-2022-01277337-CU-NP-CXC**  CASE INIT.DATE: 08/25/2022
CASE TITLE: **Baker vs. Kia America, Inc.**
CASE CATEGORY: Civil - Unlimited          CASE TYPE: Non-PI/PD/WD tort - Other

---

EVENT ID/DOCUMENT ID: 73844144
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400: Case is Complex.

Each party who has not paid the Complex fee of $1,000.00 as required by Government Code §70616 shall pay the fee to the Clerk of the Court within ten calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**The Status Conference is scheduled for 12/21/2022 at 01:30 PM in Department CX101.**

**The parties are ordered to file a Joint Status Report ten (10) calendar days prior to the conference.**

All counsel are ordered to appear remotely via ZOOM. If any party retains a court reporter, the reporter will be required to record the proceedings remotely.

IMPORTANT: Prior to the hearing date, the parties should check the Court's website for the most current instructions regarding how to appear for their hearing and to access services that are available to answer their questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

Plaintiff shall, at least five court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. <u>DO NOT use the</u>

---

CASE TITLE: Baker vs. Kia America, Inc.                    CASE NO: **30-2022-01277337-CU-NP-CXC**

---

CMC (Case Management Statement) form used for non-complex cases (Judicial Council Form CM-110) .

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352 and mandatory electronic service by order of this Court. Plaintiff shall give notice of the Status Conference and the electronic filing and service requirement to all parties of record or known to plaintiff and shall attach a copy of this minute order.

All **proposed orders** (including those submitted pursuant to stipulation) must be submitted in 2 electronic formats. One copy is to be filed in Word (without attachments), and another copy in.pdf format with all attachments/exhibits attached to it. Failure to follow this rule may result in the proposed order not being brought to the attention of the Court in a timely fashion. Ensure that the proposed order is identified as a "Proposed Order".

Additional departmental information may be obtained by visiting the Court's website at:

CIVIL COMPLEX GUIDELINES –
http://www.occourts.org/directory/civil/complex-civil/department-guidelines.pdf

Complex Civil Courtroom Schedule - GUIDELINES FOR CX101–
http://www.occourts.org/directory/civil/complex-civil/calendar-schedule/guidelines_CX101.html

CIVIL TENTATIVE RULINGS –
http://www.occourts.org/directory/civil/tentative-rulings/

Clerk to give notice. Plaintiff is to give notice to any party not listed on the Clerk's Certificate of Mailing/Electronic Service and is to file a Proof of Service.

---

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE |  |
|---|---|
| Civil Complex Center 751 W. Santa Ana Blvd Santa Ana, CA 92701 |  |
| **SHORT TITLE:** Baker vs. Kia America, Inc. |  |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER: **30-2022-01277337-CU-NP-CXC** |

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 09/12/22, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on September 12, 2022, at 8:54:15 AM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC JNELSON@MILBERG.COM

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC TKASHIMA@MILBERG.COM

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                                                 Code of Civ. Procedure , § CCP1013a(a)

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 09/12/2022          TIME: 08:45:00 AM          DEPT: CX101

JUDICIAL OFFICER PRESIDING: Glenda Sanders
CLERK: L. Mora
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: D. Miranda

CASE NO: **30-2022-01277337-CU-NP-CXC**   CASE INIT.DATE: 08/25/2022
CASE TITLE: **Baker vs. Kia America, Inc.**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Non-PI/PD/WD tort - Other

---

EVENT ID/DOCUMENT ID: 73844144
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400: Case is Complex.

Each party who has not paid the Complex fee of $1,000.00 as required by Government Code §70616 shall pay the fee to the Clerk of the Court within ten calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

**The Status Conference is scheduled for 12/21/2022 at 01:30 PM in Department CX101.**

**The parties are ordered to file a Joint Status Report ten (10) calendar days prior to the conference.**

All counsel are ordered to appear remotely via ZOOM. If any party retains a court reporter, the reporter will be required to record the proceedings remotely.

IMPORTANT: Prior to the hearing date, the parties should check the Court's website for the most current instructions regarding how to appear for their hearing and to access services that are available to answer their questions. www.occourts.org/media-relations/CoronaVirusUpdate.html

Plaintiff shall, at least five court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the

---

CASE TITLE: Baker vs. Kia America, Inc.                    CASE NO: **30-2022-01277337-CU-NP-CXC**

CMC (Case Management Statement) form used for non-complex cases (Judicial Council Form CM-110) .

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352 and mandatory electronic service by order of this Court. Plaintiff shall give notice of the Status Conference and the electronic filing and service requirement to all parties of record or known to plaintiff and shall attach a copy of this minute order.

All **proposed orders** (including those submitted pursuant to stipulation) must be submitted in 2 electronic formats. One copy is to be filed in Word (without attachments), and another copy in.pdf format with all attachments/exhibits attached to it. Failure to follow this rule may result in the proposed order not being brought to the attention of the Court in a timely fashion. Ensure that the proposed order is identified as a "Proposed Order".

Additional departmental information may be obtained by visiting the Court's website at:

CIVIL COMPLEX GUIDELINES –
http://www.occourts.org/directory/civil/complex-civil/department-guidelines.pdf

Complex Civil Courtroom Schedule - GUIDELINES FOR CX101–
http://www.occourts.org/directory/civil/complex-civil/calendar-schedule/guidelines_CX101.html

CIVIL TENTATIVE RULINGS –
http://www.occourts.org/directory/civil/tentative-rulings/

Clerk to give notice. Plaintiff is to give notice to any party not listed on the Clerk's Certificate of Mailing/Electronic Service and is to file a Proof of Service.

Case Summary:

| Case Id: | 30-2022-01277337-CU-NP-CXC |
|---|---|
| Case Title: | MONIQUE E. BAKER VS. KIA AMERICA, INC. |
| Case Type: | NON-PI/PD/WD TORT - OTHER |
| Filing Date: | 08/25/2022 |
| Category: | CIVIL - UNLIMITED |

Register Of Actions:

| ROA | Docket | Filing Date | Filing Party | Document | Select |
|---|---|---|---|---|---|
| 1 | E-FILING TRANSACTION 41376920 RECEIVED ON 08/25/2022 02:53:52 PM. | 08/26/2022 | | *NV* | |
| 2 | COMPLAINT FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 20 pages | ☐ |
| 3 | CIVIL CASE COVER SHEET FILED BY BAKER, MONIQUE E.; DESJARDINS, STEPHEN L. ON 08/25/2022 | 08/25/2022 | | 2 pages | ☐ |
| 4 | PAYMENT RECEIVED BY ONELEGAL FOR 194 - COMPLAINT OR OTHER 1ST PAPER, 34 - COMPLEX CASE FEE - PLAINTIFF IN THE AMOUNT OF 1,435.00, TRANSACTION NUMBER 13097521 AND RECEIPT NUMBER 12925523. | 08/26/2022 | | 1 pages | ☐ |
| 5 | CASE ASSIGNED TO JUDICIAL OFFICER SANDERS, GLENDA ON 08/25/2022. | 08/25/2022 | | *NV* | |
| 6 | E-FILING TRANSACTION NUMBER 11031782 REJECTED. | 08/29/2022 | | 1 pages | ☐ |
| 7 | E-FILING TRANSACTION 11033872 RECEIVED ON 09/01/2022 02:41:22 PM. | 09/02/2022 | | *NV* | |
| 8 | SUMMONS ISSUED AND FILED FILED | 09/01/2022 | | 1 pages | ☐ |
| 9 | E-FILING TRANSACTION 41382298 RECEIVED ON 09/08/2022 12:29:08 PM. | 09/08/2022 | | *NV* | |
| 10 | PROOF OF SERVICE OF SUMMONS FILED | 09/08/2022 | | 1 pages | ☐ |
| 11 | E-FILING TRANSACTION 31204174 RECEIVED ON 09/08/2022 12:29:10 PM. | 09/08/2022 | | *NV* | |
| 12 | PROOF OF SERVICE OF SUMMONS FILED | 09/08/2022 | | 1 pages | ☐ |
| 13 | STATUS CONFERENCE SCHEDULED FOR 12/21/2022 AT 01:30:00 PM IN CX101 AT CIVIL COMPLEX CENTER. | 09/12/2022 | | *NV* | |
| 14 | THE STATUS CONFERENCE IS SCHEDULED FOR 12/21/2022 AT 01:30 PM IN DEPARTMENT CX101. | 09/12/2022 | | *NV* | |
| 15 | MINUTES FINALIZED FOR CHAMBERS WORK 09/12/2022 08:45:00 AM. | 09/12/2022 | | 2 pages | ☐ |
| 16 | CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | 09/12/2022 | | 3 pages | ☐ |
| 17 | E-FILING TRANSACTION 41384286 RECEIVED ON 09/13/2022 02:31:39 PM. | 09/13/2022 | | *NV* | |
| 18 | PROOF OF SERVICE BY MAIL FILED | 09/13/2022 | | 2 pages | ☐ |

Participants:

| Name | Type | Assoc | Start Date | End Date |
|---|---|---|---|---|
| STEPHEN L. DESJARDINS | PLAINTIFF | | 08/26/2022 | |
| HYUNDAI MOTOR AMERICA | DEFENDANT | | 08/26/2022 | |
| MILBERG COLEMAN BRYSON PHILLIPS GROSSM | ATTORNEY | | 08/26/2022 | |
| KIA AMERICA, INC. | DEFENDANT | | 08/26/2022 | |
| MONIQUE E. BAKER | PLAINTIFF | | 08/26/2022 | |

Hearings:

| Description | Date | Time | Department | Judge |
|---|---|---|---|---|
| STATUS CONFERENCE | 12/21/2022 | 01:30 | CX101 | SANDERS |

Print this page

Electronically Filed by Superior Court of California, County of Orange, 09/13/2022 02:31:00 PM.
30-2022-01277337-CU-NP-CXC - ROA # 18 - DAVID H. YAMASAKI, Clerk of the Court By E. Ellinghusen, Deputy Clerk.
Case 8:21-cv-00696-JLS-KES Document 37-1 Filed 01/17/23 Page 95 of 95 Page ID #:64

**POS-030**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Trenton R. Kashima (SBN 291405)<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC<br>401 West C St., Suite 1760<br>San Diego, CA 92101<br><br>TELEPHONE NO.: (212) 946-9389    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* tkashima@milberg.com<br>ATTORNEY FOR *(Name):* Plaintiffs Monique E. Baker and Stephen L. DesJardins | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 751 West Santa Ana Boulevard
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

PETITIONER/PLAINTIFF: Monique E. Baker and Stephen L. DesJardins
RESPONDENT/DEFENDANT: Kia America Inc. and Hyundai Motor America

| | |
|---|---|
| **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL** | CASE NUMBER:<br>30-2022-01277337-CU-NP-CXC |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   15058 River Road
   Hahnville, LA 70057

3. On *(date):* 9/12/2022    I mailed from *(city and state):* Hahnville, Louisiana
   the following **documents** *(specify):*
   Minute Order dated 9/12/2022

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*

   a. ☒ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.

   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:

   a. **Name** of person served:

   b. **Address** of person served:

   ☒ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9/13/2022

Tiffany B. Kuiper
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)      ▶     *(SIGNATURE OF PERSON COMPLETING THIS FORM)*

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1013, 1013a
www.courts.ca.gov

**POS-030(P)**

| SHORT TITLE: Monique E. Baker, et al vs. Kia America, Inc., et al | CASE NUMBER: 30-2022-01277337-CU-NP-CXC |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)
### *(This Attachment is for use with form POS-030)*

**NAME AND ADDRESS OF EACH PERSON SERVED BY MAIL:**

| Name of Person Served | Address  *(number, street, city, and zip code)* |
|---|---|
| Kia America, Inc. | c/o CT Corp., 330 N. Brand Blvd., Suite 700 Glendale, CA 91203 |
| Hyundai Motor America | c/o CSC, 2710 Gateway Oaks Drive Sacramento, CA 95833 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Form Approved for Optional Use
Judicial Council of California
POS-030(P) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

Page _____ of _____